Jeffrey L. Fillerup, (SB No. 120543)
Andrew S. Azarmi (SB No. 241407)
LUCE, FORWARD, HAMILTON & SCRIPPS LLP
Rincon Center II, 121 Spear Street, Suite 200
San Francisco, California 94105-1582
Telephone No.: 415.356.4600
Fax No.: 415.356.4610
E-mail: jfillerup@luce.com
E-mail: aazarmi@luce.com

Craig J. Madson, Pro Hac Vice (Pending)
MADSON & AUSTIN, PC
15 West South Temple, Suite 900
Salt Lake City, Utah 84101
Telephone No. 801.537.1700
Fax No.: 801.537.1799
E-mail: madson@maiplaw.com

Attorneys for Plaintiff
American Piledriving Equipment, Inc.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| AMERICAN PILEDRIVING EQUIPMENT, INC., a Washington corporation,<br><br>Plaintiff,<br><br>vs.<br><br>BAY MACHINERY CORPORATION, a California corporation,<br><br>Defendant. | Case No.: CV 08-1934 PJH<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Hearing Date: July 31, 2008 at 2:30 p.m. |

Pursuant to the Court's Civil Local Rules ("Civ. L.R.") 16-7 and 16-8, the parties jointly submit this Case Management Conference Statement and Proposed Order. Each party certifies that its lead trial counsel who will try this case met and conferred in person on May 6, 2008, and again met and conferred by telephone July 7, 2008, for the preparation of this Statement as required by Civ. L.R. 16-4.

The parties make the following representations and recommendations:

## I. DESCRIPTION OF CASE

### A. Brief Description of the Case

This case places at issue infringement of United States Patent No. 5,355,964 (hereinafter referred to as the "'964 patent"), entitled "Pile Driving and/or Pile Pulling Vibratory Assembly with Counterweights" which issued to John L. White on October 18, 1994 and was assigned to Plaintiff. Construction of the claims of the '964 patent, and the application of that construction to Defendant's accused vibratory drivers/extractors will be required. Defendant contends that it has not infringed the '964 patent and that the '064 patent is invalid.

### B. Principal Factual Issues

Factual issues to be determined will be whether or not certain of Defendant's vibratory drivers/extractors, including at least the HPSI Models 250 and 500, infringe the '964 Patent, whether or not an earlier HPSI Model 500 ("Early Model 500") infringes the '964 Patent, whether or not any infringement is willful, and if there is infringement, what damages may be recovered. Additionally, there are factual issues relating to whether or not the '964 Patent is invalid.

### C. Principal Legal Disputes

The legal disputes to be decided center around the claim construction of the claims of the '964 Patent, whether or not certain damages are precluded by statute under 35 U.S. C. § 286, and whether or not the Plaintiff is entitled to its lost profits and lost profits due to convoy sales. Additionally, there are legal issues relating to whether or not the '964 Patent is invalid.

### D. Other Factual Issues Regarding Service, Jurisdiction and Venue

There are no factual issues regarding service, jurisdiction or venue. However, the Defendant may consider having this case included in a multi-district litigation under 28 U.S. C. § 1407.

### E. The Parties Who Have Not Been Served

None. The Defendant has been served.

### F. Additional Parties to be Joined

The proposed deadline for joining additional parties is September 19, 2008.

### G. Consent to Assignment of the Case to a Magistrate Judge

The parties agree that a full-time Magistrate Judge shall not conduct all proceedings in this case as provided by 28 U.S.C. §636(c).

**II.    ALTERNATIVE DISPUTE RESOLUTION**

    **A.    Stipulation and Proposed Order Selecting ADR Process**

The parties believe that mediation may be productive after at least some discovery is conducted on certain issues.

    **B.    Other Information Regarding ADR**

None.

**III.    DISCLOSURES**

    **A.    Initial Disclosures**

Initial disclosures are due on or before August 8, 2008. The parties will begin their exchange of documents prior to that date.

**IV.    EARLY FILING OF MOTIONS**

The parties anticipate the exchange of confidential information during discovery in this matter, and thus will work together to present the Court with a stipulated protective order to protect the confidentiality of such information. Until such stipulated protective order has been entered, the parties will conduct themselves as if the sample protective order provided by the Court has been entered.

In conjunction with the claim construction, Plaintiff will likely file a motion for summary judgment of infringement. Either in response to Plaintiff's motion for summary judgment, or within 60 days after the claim construction, Defendant may file a motion or motions for summary judgment of non-infringement and/or invalidity.

**V.    DISCOVERY**

    **A.    Discovery Limitations and Discovery Plan**

The parties do not believe that any changes should be made to the limitations on discovery imposed by the Federal and Local Rules, other than that the parties agree that depositions of experts are not included in the ten (10) deposition limit imposed by FRCP 30(a)(2).

Completion of non-expert discovery:  March 9, 2009

Expert reports due:  April 13, 2009

1  Rebuttal expert reports due: May 13, 2009

2  Completion of expert discovery: June 12, 2009

3  Last day to file dispositive motions: July 27, 2009

4  Pretrial Conference: September 28, 2009 or as soon thereafter as the Court can schedule a date.

5  **VI.    TRIAL SCHEDULE**

6      **A.    Proposed Trial Date:** November 9, 2009 or as soon thereafter as the Court can schedule

7  a date.

8      **B.    Length of Trial**:    5 days (jury trial)

9  **VII.    OTHER MATTERS**

10  None.

11  DATED: July 23, 2008        MADSON & AUSTIN PC

12

13      By:    /s/ Jeffrey L. Fillerup
    Craig J. Madson, Pro Hac Vice (Pending)
    15 West South Temple, Suite 900

14      Salt Lake City, Utah 84101

15      Jeffrey L. Fillerup, (SB No. 120543)
    LUCE, FORWARD, HAMILTON & SCRIPPS LLP

16      Rincon Center II, 121 Spear Street, Suite 200
    San Francisco, California 94105-1582

17  301043337.1

    Attorneys for Plaintiff
18      American Piledriving Equipment, Inc.

19

    By:    /s/ Peter C. Knops
20      Peter C. Knops (pro hac vice pending)
    SHOOK, HARDY & BACON

21      2555 Grand Blvd.
    Kansas City, Missouri 64108

22

    Matthew J. Vanis (SB No. 210706)
23      SHOOK, HARDY & BACON
    333 Bush Street, Suite 600

24      San Francisco, California U.S.A

25      Attorneys for Defendant
    Bay Machinery Corporation

26

27

28

# CERTIFICATE OF SERVICE

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of San Francisco, State of California. My business address is Rincon Center II, 121 Spear Street, Suite 200, San Francisco, California 94105-1582.

On July 23, 2008, I served true copies of the following document(s) described as   on the interested parties in this action as follows:

> Peter C. Knops (pro hac vice pending)
> SHOOK, HARDY & BACON
> 2555 Grand Blvd.
> Kansas City, Missouri 64108

San Francisco, California U.S.A**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with Luce, Forward, Hamilton & Scripps LLP's practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on July 23, 2008, at San Francisco, California.

/s/ Cheryl Cormier
Cheryl Cormier