Ina D. Chang (SBN 240784)
SHOOK, HARDY & BACON L.L.P.
333 Bush Street, Suite 600
San Francisco, California 94104-2828
Telephone:  415-544-1900
Facsimile:  415-391-0281
ichang@shb.com

Peter C. Knops, Esq.*(Pro Hac Vice to be filed)*
SHOOK, HARDY & BACON L.L.P.
2555 Grand Boulevard
Kansas City, Missouri  64108
Telephone:  816-474-6550
Facsimile:  816-421-5547
pknops@shb.com

ATTORNEYS FOR DEFENDANT
Bay Machinery Corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AMERICAN PILEDRIVING EQUIPMENT, INC., a Washington corporation,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>BAY MACHINERY CORPORATION, a California corporation,<br><br>　　　　　　Defendant. | Case No. 3:08-cv-01934 PJH<br><br>**ANSWER TO FIRST AMENDED COMPLAINT, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS** |

Defendant Bay Machinery Corporation ("Bay Machinery") hereby files this Answer to American Piledriving Equipment, Inc.'s ("APE") Complaint.

1. Bay Machinery is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 1 of the Complaint and, therefore, denies the same.

2. Bay Machinery admits that Hydraulic Power Systems, Inc.(HPSI) is a corporation organized under the laws of the state of Missouri, having a principal place of business at 1203 Ozark, North Kansas City, Missouri 64116. Bay Machinery admits that HPSI is a manufacturer of foundation construction equipment, such as piledrivers, earth augers, and pile driving leads.

3. Bay Machinery admits that it is an authorized dealer for HPSI and that is has a regular and established place of business within this Judicial District at 543 South 8th Street, Richmond, California 94804. Bay Machinery further admits that is has conducted and is now conducting business in California with equipment that is at issue in this action. Bay Machinery denies the remaining allegations of Paragraph 4 of the Complaint.

## JURISDICTION AND VENUE

4. Bay Machinery admits that this is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. §§ 100 et seq. Bay Machinery denies that it is infringing United States Patent No. 5,355,964 (hereinafter referred to as the "964 Patent").

5. Bay Machinery admits that, pursuant to 28 U.S.C. § 1331, this Court has subject matter over this suit because it involves a federal questions. Bay Machinery admits that pursuant to 28 U.S.C. §1338(a), this Court has subject matter jurisdiction over meritorious causes of action for patent infringement arising under the patent laws of the United States. Bay Machinery denies, however, that the Complaint sets forth such meritorious causes of action.

6. Bay Machinery admits that this Court has personal jurisdiction over it because Bay Machinery resides within this Judicial District and maintains a regular and established place of business within this Judicial District.

7. Bay Machinery admits that venue is proper in this Court pursuant to 28 U.S.C. § 1391. Bay Machinery admits that it resides within this Judicial District, maintains a regular and established place of business within this Judicial District, and transacts and has transacted business

1  within this Judicial District.  Bay Machinery denies that the business transactions it conducts or has
2  conducted give rise to a meritorious cause of action to form a basis for this Complaint.

## FACTUAL BACKGROUND

4      8.    Bay Machinery is without knowledge or information sufficient to form a belief as to
5  the allegations contained in paragraph 8 of the Complaint and, therefore, denies the same.

6      9.    Bay Machinery admits that a document labeled U.S. Patent No. 5,355,964 ("the '964
7  patent") was issued to John L. White and that it was reexamined, with the Reexamination Certificate
8  issuing on April 24, 2007 without an amendment.  Bay Machinery denies that the '964 patent was
9  duly and legally issued.

10     10.    Bay Machinery admits that the apparatus described and claimed in the '964 Patent is
11 a pile driving and/or pile extracting vibratory assembly for imparting vibratory force to a pile.  Bay
12 Machinery denies that the apparatus rises to the level of an invention and that the vibratory assembly
13 claimed is a counterweight that includes insert receiving areas for receiving a solid insert made of a
14 metal having a melting point of 328 Degrees C or greater.

15     11.    Bay Machinery admits that is has leased, sold, offered for sale vibratory
16 drivers/extractors that have counterweights that include tungsten inserts, including HPSI's Model
17 500 vibrator driver/extractor.  Bay Machinery admits that it obtains HPSI Model 500 from HPSI.
18 Bay Machinery denies the remaining allegations contained in paragraph 11 of the Complaint.

19     12.    Bay Machinery admits that is has leased and/or sold one or more vibratory
20 drivers/extractors that include tungsten inserts.  Bay Machinery denies the remaining allegations
21 contained in paragraph 12 of the Complaint.

22     13.    Bay Machinery admits the allegations contained in paragraph 13 of the Complaint.
23     14.    Bay Machinery admits the allegations contained in paragraph 14 of the Complaint.
24     15.    Bay Machinery denies the allegations contained in paragraph 15 of the Complaint.
25     16.    Bay Machinery admits the allegations contained in paragraph 16 of the Complaint.
26     17.    Bay Machinery is without knowledge or information sufficient to form a belief as to
27 the allegations contained in paragraph 17 of the Complaint and, therefore, denies the same.

28

1    18.    Bay Machinery is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 18 of the Complaint and, therefore, denies the same.

    19.    Bay Machinery denies the allegations contained in paragraph 19 of the Complaint.

    20.    Bay Machinery is without knowledge or information sufficient to form a belief as to whether APE has expended considerable sums in developing its pile driving/extracting vibratory assembly. Bay Machinery admits that APE is seeking a preliminary and permanent injunction and that APE is requesting the Court to promptly schedule a trial on the merits.  Bay Machinery denies the remaining allegations contained in paragraph 20 of the Complaint.

## COUNT I

    21.    Bay Machinery repeats and incorporates each of the responses set forth in paragraphs 1 though 20 as if fully set forth herein.

    22.    Bay Machinery is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 22 of the Complaint and, therefore, denies the same.

    23.    Bay Machinery denies the allegations contained in paragraph 23 of the Complaint.

    24.    Bay Machinery denies the allegations contained in paragraph 24 of the Complaint.

    25.    Bay Machinery denies the allegations contained in paragraph 25 of the Complaint.

    26.    Bay Machinery denies the allegations contained in paragraph 26 of the Complaint.

    27.    Bay Machinery denies the allegations contained in paragraph 27 of the Complaint.

## RESPONSE TO APE'S PRAYER FOR RELIEF

    Bay Machinery denies that APE is entitled to any judgment in its favor or relief in connection with its Complaint, including, without limitation, the relief specified in APE's Prayer for Relief.

    A.    Bay Machinery denies APE is entitled to the relief requested in paragraph A of its Prayer for Relief.

    B.    Bay Machinery denies APE is entitled to the relief requested in paragraph B of its Prayer for Relief.

1        C.     Bay Machinery denies APE is entitled to the relief requested in paragraph C of its Prayer for Relief.

      D.     Bay Machinery denies APE is entitled to the relief requested in paragraph D of its Prayer for Relief.

      E.     Bay Machinery denies APE is entitled to the relief requested in paragraph E of its Prayer for Relief.

      F.     Bay Machinery denies APE is entitled to the relief requested in paragraph F of its Prayer for Relief.

      G.     Bay Machinery denies APE is entitled to the relief requested in paragraph G of its Prayer for Relief.

      H.     Bay Machinery denies APE is entitled to the relief requested in paragraph H of its Prayer for Relief.

      I.     Bay Machinery denies APE is entitled to the relief requested in paragraph I of its Prayer for Relief.

      J.     Bay Machinery denies APE is entitled to the relief requested in paragraph J of its Prayer for Relief.

To the extent any allegation contained in the Complaint has not been specifically admitted herein, it is hereby denied. Bay Machinery denies any allegation that may be implied by or inferred from the headings of the Complaint.

## AFFIRMATIVE DEFENSES

1. Bay Machinery has neither infringed, either literally or under the doctrine of equivalents, nor contributed to infringement by others, nor actively induced others to infringe, any claim of the '964 patent.

2. The claims of the '964 patent are invalid or unenforceable for failing to satisfy the conditions of patentability set forth in Part II of Title 35 of the United States Code including, but not limited to, §§ 101, 102, 103, and/or 112.

1    3.    APE is estopped by representations or actions taken during the prosecution of the

2 '964 patent under the doctrine of prosecution history estoppel.

3    4.    On information and belief, APE lacks standing to bring and maintain this action.

4    Bay Machinery reserves the right to raise additional affirmative defenses as they become

5 known, through further investigation and discovery.

6    WHEREFORE, for the above stated reasons, Bay Machinery prays that judgment be entered

7 against APE in connection with its Complaint, that judgment be entered in favor of Bay Machinery,

8 that Bay Machinery be awarded its costs, reasonable attorneys' fees, and other expenses incurred in

9 defending against APE's Complaint, and for such other and further relief as the Court may deem just

10 and proper.

## COUNTERCLAIMS

For its Counterclaims against APE, Bay Machinery states as follows:

1.    Bay Machinery Corporation is organized and existing under the laws of the State of California, with its headquarters and principal place of business at 543 South 8th Street, Richmond, California 94804.

2.    Upon information and belief, APE is incorporated under the laws of the State of Washington and has its principal place of business at 7032 South 196th, Kent, Washington 98032.

## JURISDICTION AND VENUE

3.    The Court has subject matter jurisdiction over Bay Machinery's Counterclaims for declaratory relief pursuant to 28 U.S.C. §§ 1331 and 1338, brought pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

4.    Based on APE's Complaint against Bay Machinery and Bay Machinery's Answer thereto, there exists an actual, justiciable controversy between Bay Machinery and APE concerning the '964 patent.

5.    Venue is proper in this judicial district pursuant to, *inter alia*, 28 U.S.C. § 1391.

**COUNT 1- DECLARATION OF NON-INFRINGEMENT**

6.     Bay Machinery repeats and incorporates by reference the averments set forth in Counterclaims paragraphs 1 through 5 as if they were fully and separately set forth herein.

7.     Bay Machinery has not infringed, either literally or under the doctrine of equivalents, nor contributed to infringement by others, nor actively induced others to infringe, any claim of the '964 patent.

8.     Bay Machinery is entitled to judgment declaring that Bay Machinery has not infringed, either literally or under the doctrine of equivalents, nor contributed to infringement by others, nor actively induced other to infringe any claim of the '964 patent.

**COUNT 2 – DECLARATION OF INVALIDITY**

9.     Bay Machinery repeats and incorporates by reference the averments set forth in Counterclaims paragraphs 1 through 7 as if they were fully and separately set forth herein.

10.     The claims of the '964 patent are invalid for one or more of the following reasons: the alleged invention(s) of the '964 patent is unpatentable under 35 U.S.C. §§ 101, 102 and/or 103; the specifications of the '964 patent, including the claims, fail to meet one or more requirements of 35 U.S.C. § 112; and/or the '964 patent does not otherwise meet one or more requirements of Part II of Title 35 of the United States Code.

11.     Bay Machinery is entitled to judgment declaring that the claims of the '964 patent are invalid for one or more of the following reasons:  the alleged invention(s) of the '964 patent are unpatentable under 35 U.S.C. §§ 101, 102 and/or 103; the specification of the '964, including the claims, fail to meet one or more requirements of 35 U.S.C. § 112; and/or the '964 patent does not otherwise meet one or more requirements of Part II of Title 35 of the United States Code.

Bay Machinery reserves the right to assert additional counterclaims as they become known through further investigation and discovery.

## PRAYER FOR RELIEF

WHEREFORE, Bay Machinery respectfully requests that judgment be entered against APE in connection with APE's Complaint, and that judgment be entered in favor of Bay Machinery in accord with Bay Machinery's Counterclaims in this matter as follows:

A. Enter judgment in favor of Bay Machinery and against APE and dismiss APE's Complaint with prejudice;

B. Declare the claims of the '964 patent invalid;

C. Declare that Bay Machinery has not infringed, either literally or under the doctrine of equivalents, nor contributed to infringement by others, nor actively induced others to infringe, any claim of the '964 patent;

D. Preliminarily and permanently enjoin APE, its officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with it who receive actual notice by personal service or otherwise, from asserting or threatening to assert against customers or potential customers of Bay Machinery, or users of Bay Machinery products and services, any charge of infringement of the '964 patent;

E. Preliminarily and permanently enjoin APE, its officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with it who receive actual notice by personal service or otherwise, from filing or prosecuting any civil action or actions against Bay Machinery's customers, or users of Bay Machinery's products and services, for alleged infringement of the '964 patent;

F. Declare this case to be exceptional under 35 U.S.C. § 285;

G. Award to Bay Machinery its costs and attorneys' fees; and

H. Grant to Bay Machinery such other and further relief as the Court may deem just and proper.

/ / /

/ / /

143293V3

**DEMAND FOR JURY TRIAL**

Bay Machinery hereby demands a jury trial on all issues so triable.

Dated: August 1, 2008                    Respectfully submitted,

SHOOK, HARDY & BACON L.L.P.


/s/ Ina D. Chang_____
Ina D. Chang
SHOOK, HARDY & BACON L.L.P.
333 Bush Street, Suite 600
San Francisco, California 94104-2828
Tel:    (415) 544-1900
Fax:    (415) 391-0281

Peter C. Knops ( *pro hac vice* to be filed)
SHOOK, HARDY & BACON L.L.P.
2555 Grand Boulevard
Kansas City, Missouri 64108-2613
Tel:    (816) 474-6550
Fax:    (816) 421-5547

Attorneys for Defendant
BAY MACHINERY CORPORATION